**UNITED STATES v. QUINN et al.**

Cr. No. 43081.

United States District Court
E. D. New York.

April 9, 1953.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., Victor C. Woerheide, and F. Kirk Maddrix, Sp. Assts, to Atty. Gen., for the United States.

Corcoran & Kostelanetz, by Boris Kostelanetz, Millard & Greene, by Myron J. Greene, New York City, Henry G. Singer, Brooklyn, N. Y., and Bernard E. Kalman, Woodside, N. Y., for defendants.

RAYFIEL, District Judge.

This motion, addressed to an eight-count indictment charging T. Vincent Quinn, a former member of Congress, with violating section 281 of Title 18 U.S.C. and Martin Schwaeber and James D. Saver, his former law partners, with aiding and abetting him in such violation, seeks the dismissal thereof on two grounds:

(1) that it does not state facts sufficient to constitute an offense against the United States and (2) that the statute on which the indictment is based is vague and ambiguous, and thus unenforceable.

The statute so far as the facts stated in the indictment are applicable thereto, reads as follows: "whoever, being a Member

of * * * Congress, * * * either before or after he has qualified, * * * directly or indirectly receives or agrees to receive, any compensation for any services rendered or to be rendered, either by himself or another, in relation to any proceeding, contract, claim, controversy, charge, accusation, arrest, or other matter in which the United States is a party or directly or indirectly interested, before any department, agency, * * * shall be fined * * *."

The indictment charges, inter alia, that Mr. Quinn, then a member of Congress, at the divers times and in the different amounts stated in the several counts thereof, received compensation for services rendered or to be rendered by him and his said partners in matters then pending in departments of the government, and in which the United States was a party and was directly or indirectly interested.

Mr. Quinn claims that the acts and practices with which he is charged constituted legal services performed by him in behalf of clients at various stages of criminal proceedings, and are not prohibited by section 281, supra. In support of that contention he points to the fact that before its enactment in 1864 there was deleted from the then proposed bill—the statute is now known as section 281 of Title 18, U.S.C.—the following provision: "No member of the Senate or of the House of Representatives shall, during his continuance, in office, hereafter *appear or act as counsel, attorney* or agent *in any case or proceeding, civil or criminal,* in any court, civil or criminal, military or naval, or before any commission, in which the United States is a party, or directly or indirectly interested, or receive any compensation, of any kind, directly or indirectly, for services of any description rendered by himself or another in relation to any such cause or proceeding." (Emphasis added). See Congressional Globe, (Predecessor of the Congressional Record) of December 22, 1863, at page 63.

He states further that in the debate on the proposed statute Senator Trumbull, then Chairman of the Senate Judiciary Committee, stated: "This is not a bill to prevent attorneys from practicing in courts of law, but it is a bill to prevent Representatives and Senators in · Congress * * * from receiving a compensation for advocating claims in the Departments and before the bureaus of the Government and before Courts Martial. That is the particular question that is pending." See Congressional Globe of February 11th, 1864, at page 561.

The act of 1864 has been amended several times but, so far as it may be applicable to the charges set forth in the indictment, the present statute, Section 281, supra, is substantially similar to the original act.

■ I do not believe it has ever been questioned that the reports of committees handling proposed legislation, and the statements of those members in charge thereof, constitute an authoritative interpretation of the meaning and intent of the legislation. It is my opinion, therefore, that section 281, supra, does not prohibit a lawyer-congressman from practicing in courts of law or appearing or acting as counsel or attorney in any case or proceeding, civil or criminal.

While it appears from the record of the debate on the original bill, particularly the statement of Senator Trumbull, in part hereinabove quoted, that the Congress which enacted it did not intend to prohibit lawyer-congressmen from practicing in courts of law, it appears also, as Senator Trumbull said, referring to the committee in charge of the bill (see page 555 of the Congressional Globe of February 10, 1884), that "they propose to restrain members of Congress * * * *from receiving compensation for doing any business before any department * * * or anywhere else except in the judicial tribunals* of the country."

■■ The question, then, appears to be: do the acts upon which the indictment against the defendant Quinn is based constitute "practicing in courts of law" or "appearing or acting as counsel or attorney in any case or proceeding?"

Nowhere in the indictment does it appear that the acts charged to the defendant Quinn were steps or incidents in cases or

judicial proceedings, whether then pending or not. In passing on the first ground stated in the defendants' notice of motion I am limited, so far as the facts are concerned, to consideration of the contents of the indictment, alone, and I find nothing therein to indicate that the matters involved were necessarily "cases or proceedings".

■ The defendants contend further that the statute, section 281, of Title 18 U.S.C., is vague and ambiguous, and therefore unenforceable, a position, incidentally, which it is difficult to reconcile with their claim that the indictment does not state facts sufficient to constitute an offense against the United States. The contradictory character of those positions becomes obvious when we find them urging, on the one hand, that "the language of the statute is clear and * * * allows a lawyer-congressman to practice in all phases including preliminary and incidental phases of criminal matters" and, on the other hand, " * * * the statute is too vague and ambiguous to be enforceable."

I believe that the language of the statute expresses with reasonable clarity the intent of the congress which enacted it, as appears from the aforementioned comment and debate of several members of the committee which handled the legislation, and the acts described in the indictment include all the elements necessary to charge a violation of the statute involved. See Burton v. U. S., 202 U.S 344, at page 370, 26 S.Ct. 688, 50 L.Ed. 1057.

■■ As to the charge of aiding and abetting:

The defendants Schwaeber and Saver, in their memorandum supporting their motion to dismiss the indictment, apparently for the purpose of showing the limited extent of their activities in the matters set forth in the indictment, state briefly the manner in which funds received by the partnership were deposited and divided, and add that "the Government is here seeking to saddle them with liability *merely* because, as alleged in the indictment, they performed services—which they had a legal right to do—and received compensation. * * *" (Emphasis added.)

We cannot anticipate what acts the Government will claim constituted the "aiding and abetting" with which the said defendants are charged. A mere averment in an indictment that a defendant aided and abetted another in the commission of a crime is sufficient and the determination of the question as to whether the nature, character and extent of the specific acts attributed to the defendants constituted aiding and abetting must be left to the trial.

The cases of United States v. Peoni, 2 Cir., 100 F.2d 401, United States v. Falcone, 2 Cir., 109 F.2d 579, and Morei v. United States, 6 Cir., 127 F.2d 827, are distinguishable because they were based on the sufficiency of the proof offered by the Government on the trial of the case, and not on the sufficiency of the averments contained in the indictment.

■ The Government moved to strike the aforementioned affidavit of the defendant Quinn on the ground that it contains matter which goes to the general issue raised by the pleadings and, hence, may not be considered in determining a motion under Rule 12(b) (1) of the Federal Rules of Criminal Procedure, 18 U.S. C., to dismiss the indictment.

On the argument of the motions herein I indicated that I would deny the Government's application on the ground that the affidavit contained no statements directed to the issues raised by the pleadings. The Government, in its brief, asks that I reconsider my announced intention to deny its motion, and sets forth facts which it claims supports its position. I find that the Quinn affidavit consists almost entirely of extracts from the report and record of the hearings held by a subcommittee of the Ways and Means Committee of the House of Representatives, in which appear also the comments and opinions of Representatives King and Byrnes, respectively chairman and member of the said subcommittee, and Mr. James McInerney, a former assistant attorney-general of the United States.

By reason of the foregoing the defendants' motion to dismiss the indictment and the Government's motion to strike the Quinn affidavit are both denied.

Settle order on notice.